## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| ALYSSA BIRKOFER, SALPI KESHISHIAN, and JOANNE COSTELLO, | Civil Case No.: _____ |
| *Plaintiffs,* | **Complaint** |
| v. | **Jury Trial Demanded** |
| AMERICAN SENIOR PRODUCTS, LLC, | |
| *Defendant.* | |

## **INTRODUCTION**

1.     This action arises out of Defendant, American Senior Products, LLC's ("Defendant"), relentless marketing practices that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* and related state laws.

2.     Defendant makes, or has made on its behalf, aggressive telemarketing calls soliciting its products, namely lift chairs.

3.     These calls are made to individuals on the National Do-Not-Call Registry.

4.     These calls are made with artificial or prerecorded voices.

5.     Defendant continues to make these calls even after the called party requests that Defendant STOP calling.

6.     The TCPA prohibits making prerecorded telemarketing calls to persons who, like Plaintiffs, have previously asked not to receive such calls, and makes sellers like Defendant liable for calls in violation of the TCPA's internal do-not-call rules.

7.     Accordingly, Plaintiffs bring this action for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction under 47 U.S.C. § 227, *et seq*. and 28 U.S.C. § 1331.

9.     This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because they are so closely related to the federal claim that they form a single case or controversy.

10.    This Court has jurisdiction over Defendant because Defendant conducts business transactions in this district, is located in this district, and has committed tortious acts in this district.

11.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district and Defendant resides in this district.

12.    For example, Defendant directed artificial or prerecorded voice messages to Plaintiffs' cellular telephones from this district.

2

## PARTIES

13.     Plaintiff Alyssa Birkofer is a natural person who at all relevant times resided in Ryland Heights, Kentucky.

14.     Ms. Birkofer is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

15.     Plaintiff Salpi Keshishian is a natural person who at all relevant times resided in Woodland Hills, California.

16.     Ms. Keshishian is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

17.     Plaintiff Joanne Costello is a natural person who at all relevant times resided in Shelby, North Carolina.

18.     Ms. Costello is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

19.     Defendant is a limited liability company organized under the laws of the State of Delaware, with headquarters located at 24 Oglethorpe Professional Blvd. Suite 300, Savannah, Georgia 31406.

20.     Defendant may be served via its registered agent C T Corporation System located at 289 South Culver Street, Lawrenceville, GA 30046.

21.   Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

## TCPA BACKGROUND

22.   In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

23.   Relevant here, Section 227(b) of the TCPA prohibits making *any* call (other than a call made for emergency purposes) to a cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A).

24.   A violation of Section 227(b) carries statutory damages of $500 to $1,500 per call.

25.   The TCPA also establishes a national "do not call" database of numbers not to be called. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

26.   These regulations are codified at 47 C.F.R. §§ 64.1200(c)(1-2).

27.   Specifically, a company may not initiate any "telephone solicitation" to

a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

28.     A violation of 47 C.F.R. § 64.1200(c) carries statutory damages of $500 to $1,500 per call through § 227(c) of the TCPA.

29.     The TCPA also specifically required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

30.     The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of ... company-specific do not call systems ...)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

31.     Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

32.     The FCC found that "the company-specific do-not-call list alternative

is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations." *Id.* at 8765, ¶ 23.

33.     However, recognizing that an honor system would probably be insufficient, the FCC found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

34.     These regulations are codified at 47 C.F.R. § 64.1200(d)(1)-(7).

35.     Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. § 64.1200(d) (1, 2, 3, 6).

36.     These policies and procedures prohibit a company from making calls for telemarketing purposes[1] unless they have implemented these policies and

---

[1]  The distinction between the use of "telephone solicitation" in relation to the national do-not-call database and calls for "telemarketing purposes" in relation to the company-specific do-not-call list is significant. "Telephone solicitation" excludes calls made to a person with whom the company has as established business relationship, 47 CFR 64.1200(f)(14), which can be established by a "voluntary two-way communication." 47 CFR 64.1200(f)(5). But this business relationship can be terminated by a "do not call" request. 47 CFR 64.1200(f)(5)(i). "Telemarketing purposes," on the other hand, includes any calls made for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, regardless of any consent or established business relationship." 47 CFR 64.1200(f)(12). In other words, prior to making any telemarketing calls to anyone, regardless of relationship,

procedures. 47 C.F.R. § 64.1200(d).

37.    Accordingly, all telemarketing calls violate the TCPA, unless Defendant can demonstrate that it has implemented the required policies and procedures.

38.    There is a private right of action to enforce 47 C.F.R. § 64.1200(d) through § 227(c):

> [S]ection 227(c)(5)... empowers 'any person' to sue for damages and injunctive relief for do-not-call violations 'by or on behalf of' a company. In accordance with this statutory provision, the Commission's company-specific do-not-call rules provide that '[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity[.]' 47 C.F.R. § 64.1200(d).

*In re Dish Network*, 28 FCC. Rcd. 6574, ¶ 29 (2013)

39.    These requirements are separate but cumulative.  In other words, a company must comply with both the procedures for the company specific do-not-call list *and* the procedures for complying with the national "do not call" database regulations.  A failure to comply with either is distinct a violation of 47 U.S.C. § 227(c).

---

a company must implement the company-specific do-not-call regulations, but it only need to comply with the national do-not-call registry provisions with respect to persons with whom it does not have an existing established business relationship.

40. Though some of these requirements mention "residential" telephones, they were all extended to cover calls to cellular telephones that are used for residential purposes. 47 C.F.R. § 64.1200(e).

41. Further, a person or entity can be liable for calls made on its behalf in violation of the TCPA, even if that person or entity did not directly dial such calls. *See, e.g., In re Rules & Regs. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any [TCPA] violations"). In fact, in May 2013, the FCC issued a binding declaratory ruling clarifying that sellers "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification." *In re Joint Petition Filed by DISH Netowrk, LLC et al. for Declarator Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6584 ¶28 (2013).

42. Accordingly, an entity can be liable under the TCPA for a prohibited call made on its behalf under a number of theories including vicarious liability. Under those circumstances, the seller is properly deemed to have initiated the call through the person or entity that actually placed the call.

## FACTUAL ALLEGATIONS

*Plaintiff Alyssa Birkofer's Factual Allegations*

43.     Ms. Birkofer is the user of a cellular telephone number ending in 2919.

44.     Ms. Birkofer's cellular telephone number is used for residential purposes.

45.     Ms. Birkofer's telephone number ending in 9618 has been on the National Do-Not-Call Registry since June 2, 2011.

46.     Starting in approximately May of 2022, Ms. Birkofer began receiving numerous unwanted prerecorded telephone calls from Defendant.

47.     These telephone calls came from changing ten-digit numbers, including but not limited to: 606-229-6658, 606-229-6659, 606-203-2275, 606-203-2276, 606-203-2277, 606-202-8842, 859-205-2132, 859-215-8072, 859- 297-6851.

48.     When Ms. Birkofer would answer the phone, a prerecorded message advertising Defendant's product would play.

49.     When Ms. Birkofer would not answer the phone, Defendant would leave the same or similar prerecorded message advertising its products on the voicemail of her cellular telephone.

50.     Ms. Birkofer has received more than 50 prerecorded voicemail messages from Defendants, such as the following:

> This is Jessica with America's Lift Chair calling about our risk-free Lift Chair trial.  So our chair has massage, heat, multiple reclining positions, and we need people to try the chair and provide feedback to us.  So please call me back

at 844-561-2499 and once again that's 844-561-2499 to
sign up for the trial.

51.     On some days, Defendant would even leave multiple unwanted
messages for Ms. Birkofer: July 28, 2022 (3 messages), July 29, 2022 (5 messages),
August 1, 2022 (3 messages), August 2, 2022 (4 messages), August 3, 2022 (4
messages), August 5, 2022 (3 messages), August 19, 2022 (3 messages), August 25,
2022 (2 messages), September 6, 2022 (2 messages).

52.     On numerous occasions Ms. Birkofer requested that the calls stop,
however they continued.

53.     Discovery will reveal the total number of calls Defendant placed to Ms.
Birkofer.

54.     Ms. Birkofer did not provide prior express invitation or permission or
consent for these telephone calls.  To the contrary, in response to the unwanted calls,
Ms. Birkofer repeatedly requested that Defendant cease calling her.

*Plaintiff Salpi Keshishian's Factual Allegations*

55.     Ms. Keshishian is the user of a cellular telephone number ending in
0188.

56.     Ms. Keshishian's cellular telephone number is used for residential
purposes.

57.     Ms. Keshishian's telephone number ending in 0188 has been on the
National Do-Not-Call Registry since January 30, 2007.

58.     Ms. Keshishian also received numerous unwanted prerecorded telephone calls from Defendant.

59.     These telephone calls came from changing ten-digit numbers, including but not limited to: 747-345-3276, 314-293-4088 and 908-430-9436.

60.     When Ms. Keshishian would answer the phone, a prerecorded message advertising Defendant's product would play.

61.     When Ms. Keshishian would not answer the phone, Defendant would leave the same or similar prerecorded message advertising its products on the voicemail of her cellular telephone.

62.     Ms. Keshishian has received numerous prerecorded voicemail messages from Defendants, such as the following:

> This is Jessica with America's Lift Chair calling about our risk-free Lift Chair trial. So our chair has massage, heat, multiple reclining positions, and we need people to try the chair and provide feedback to us. So please call me back at 844-561-2499 and once again that's 844-561-2499 to sign up for the trial.

63.     On numerous occasions Ms. Keshishian requested that the calls stop, however they continued.

64.     Discovery will reveal the total number of calls Defendant placed to Ms. Keshishian.

65.   Ms. Keshishian did not provide prior express invitation or permission or consent for these telephone calls.  To the contrary, in response to the unwanted calls, Ms. Keshishian repeatedly requested that Defendant cease calling her.

*Plaintiff Joanne Costello's Factual Allegations*

66.   Ms. Costello is the user of a cellular telephone number ending in 8404.

67.   Ms. Costello's cellular telephone number is used for residential purposes.

68.   Ms. Costello's telephone number ending in 8404 has been on the National Do-Not-Call Registry since February 14, 2008.

69.   Ms. Costello also received numerous unwanted prerecorded telephone calls from Defendant.

70.   These telephone calls came from changing ten-digit numbers, including but not limited to: 607-300-6386, 518-240-1805, 706-381-7704, and 443-212-3985.

71.   When Ms. Costello would answer the phone, a prerecorded message advertising Defendant's product would play.

72.   When Ms. Costello would not answer the phone, Defendant would leave the same or similar prerecorded message advertising its products on the voicemail of her cellular telephone.

73.   Ms. Costello has received numerous prerecorded voicemail messages from Defendants, such as the following:

> This is Jessica with America's Lift Chair calling about our
> risk-free Lift Chair trial. So our chair has massage, heat,
> multiple reclining positions, and we need people to try the
> chair and provide feedback to us. So please call me back
> at 844-561-2499 and once again that's 844-561-2499 to
> sign up for the trial.

74.   On numerous occasions Ms. Costello requested that the calls stop, however they continued.

75.   For example, Ms. Costello called Defendant twice on October 25, 2022 at 844-561-2499 and requested the calls stop.

76.   Ms. Costello also corresponded with Defendant via email in an effort to have the calls stopped.

77.   Discovery will reveal the total number of calls Defendant placed to Ms. Costello.

78.   Ms. Costello did not provide prior express invitation or permission or consent for these telephone calls. To the contrary, in response to the unwanted calls, Ms. Costello repeatedly requested that Defendant cease calling her.

79.   Defendant or those otherwise making calls on Defendant's behalf, did not have written do-not-call policies or procedures at the time of the calls Plaintiffs

80.   Alternatively, whatever written policies existed either failed to comply with the minimum requirements under the TCPA, 47 C.F.R. § 64.1200(d), or were never properly implemented—including as evidenced by the continued telephone calls to Plaintiffs after they directly asked not to be contacted.

81.    Defendant's violations were negligent.

82.    Alternatively, Defendant's violations were willful and knowing.

83.    Plaintiffs were damaged by the violations alleged herein. Their privacy was improperly invaded, Defendant's calls temporarily seized and trespassed upon the use of their phones, and/or they were forced to divert attention away from other activities to address the unwanted telephone calls. Defendant's telephone calls were annoying and a nuisance, and wasted the time of Plaintiffs. *See, e.g.*, Mims, 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

## DEFENDANT'S LIABILITY

84.    Because Defendant's calls constitute telemarketing, Defendants are required to obtain prior express written consent from the persons to whom Defendants made calls.

85.    "Prior express written consent" is specifically defined by regulation as:

> [A]n agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

47 C.F.R. § 64.1200(f)(9)(emphasis added).

86.    Plaintiffs never provided Defendant with any consent, written or

otherwise.

87.     Accordingly, each of Defendants telemarketing calls to Plaintiffs using an artificial or prerecorded voice violated 47 U.S.C. § 227(b).

88.     For violations of 47 U.S.C. § 227(b), Plaintiffs are entitled to a minimum of $500 per call.

89.     Plaintiffs are entitled to $1500 per call if Defendant's actions are found to be knowing or willful.

90.     The TCPA also prohibits making multiple telephone solicitation calls to a telephone number on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

91.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

92.     A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

93.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on

whose behalf" such calls are promoted.   47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

94.    Defendants repeatedly violated this rule by placing telephone solicitations to telephone numbers on the National Do-Not-Call registry, including to Plaintiffs' respective cellular telephone numbers.

95.    For violations of 47 C.F.R. § 64.1200(c), Plaintiffs are entitled to $500 per call.

96.    Plaintiffs are entitled to $1,500 per call if Defendant's actions are found to be knowing or willful.

97.    In addition, the TCPA specifically required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

98.    The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

99.    Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing*

*the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order.").

100.    These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

101.    Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list for calls made by or on behalf of that person or entity, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made.  47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

102.    These policies and procedures prohibit a company from making telemarketing calls unless they have implemented these policies and procedures.  47 C.F.R. § 64.1200(d).

103.    Accordingly, all telemarketing calls violate the TCPA, unless Defendant can demonstrate that it has implemented the required policies and procedures.

104.    Defendant violated this rule by not having such policies and training and failing to honor do-not-call requests for calls it made or that were made on its behalf including the continued calls to Plaintiffs after they directly asked not to be contacted.

105.    For violations of 47 C.F.R. § 64.1200(d), Plaintiffs are entitled to an

additional $500 per call.

106.   Plaintiffs are entitled to $1,500 per call if Defendant's actions are found to be knowing or willful.

107.   North Carolina General Statute § 75-102(a) prohibits making "a telephone solicitation to a telephone subscriber's telephone number if the telephone subscriber's telephone number appears in the latest edition of the "Do Not Call" Registry." N.C. Gen. Stat. § 75-102(a).

108.   Ms. Costello's number was on the National Do-Not-Call Registry prior to Defendant's calls.

109.   For violations of N.C. Gen. Stat. § 75-102(a), Ms. Costello is entitled to recover $500 for the first violation, $1,000 for the second violation and $5,000 for the third and any other violation that occurs within two years of the first violation.

110.   North Carolina General Statute § 75-102(b) prohibits a telephone solicitor from making "a telephone solicitation to a telephone subscriber's telephone number if the telephone subscriber previously has communicated to the telephone solicitor a desire to receive no further telephone solicitations from the telephone solicitor to that number." N.C. Gen. Stat. § 75-102(b).

111.   Ms. Costello communicated to Defendant a desire to receive no further telephone solicitations from Defendant, yet Defendant continued to place calls to Ms. Costello.

112.   For violations of N.C. Gen. Stat. § 75-102(b), Ms. Costello is entitled to recover $500 for the first violation, $1,000 for the second violation and $5,000 for the third and any other violation that occurs within two years of the first violation.

113.   North Carolina General Statute § 75-104(a) prohibits a person from using "an automatic dialing and recorded message player to make an unsolicited telephone call." N.C. Gen. Stat. § 75-104(a).

114.   An "automatic dialing and recorded message player" is defined by statute as, "[a]ny automatic equipment that incorporates a storage capability of telephone numbers to be called or a random or a sequential number generator capable of producing numbers to be called that, working alone or in conjunction with other equipment, disseminates a prerecorded message to the telephone number called." N.C. Gen. Stat. § 75-101(2).

115.   Defendant utilized an automatic dialing and recorded message player to make the calls to Ms. Costello.

116.   For violations of N.C. Gen. Stat. § 75-104(a), Ms. Costello is entitled to recover $500 for the first violation, $1,000 for the second violation and $5,000 for the third and any other violation that occurs within two years of the first violation.

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)
### All Plaintiffs v. Defendant

117.   Plaintiffs incorporate the foregoing allegations as if fully set forth

herein.

118.   Defendant placed, or had placed on its behalf, prerecorded telemarketing telephone calls to Plaintiffs' telephone numbers without prior express written consent.

119.   The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

120.   Defendant has therefore violated 47 U.S.C. § 227(b).

121.   As a result of Defendants' unlawful conduct, Plaintiffs are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

122.   Plaintiffs are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### All Plaintiffs v. Defendant

123.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

124.   Defendant made, or had made on its behalf, telephone solicitations to Plaintiffs' telephone numbers.

125.   Plaintiffs' telephone numbers were all on the National Do-Not-Call

Registry at the time of the calls.

126.   Plaintiffs each received two or more such calls in a 12-month period.

127.   Plaintiffs are entitled to an award of $500 in statutory damages for each call pursuant to 47 U.S.C. § 227(c)(5).

128.   Plaintiffs are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## THIRD CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c), 47 C.F.R. § 64.1200(d)
### All Plaintiffs v. Defendant

129.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

130.   The TCPA requires any party that is engaged in telemarketing institute and maintain a written internal do-not-call policy.  47 C.F.R. § 64.1200(d).

131.   Defendant violated the TCPA by not having sufficient internal do-not-call policies, by not following or honoring the policies it did have, and/or by not sufficiently ensuring that those making calls on their behalf did the same—including by failing to actually honor do-not-call requests made by Plaintiffs.

132.   As a result of these violations, Plaintiffs were damaged by Defendant's violations, in that they received non-privileged and unsolicited telemarketing calls that invaded their privacy.

133.   Plaintiffs are entitled to an award of $500 in statutory damages for each call pursuant to 47 U.S.C. § 227(c)(5).

134.   Plaintiffs are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## FOURTH CAUSE OF ACTION
### Violations of N.C. Gen. Stat. § 75-102(a)
### Plaintiff Costello v. Defendant

135.   Ms. Costello incorporates the foregoing allegations as if fully set forth herein.

136.   Defendant made, or had made on its behalf, telephone solicitations to Ms. Costello's telephone number.

137.   Ms. Costello's telephone number was on the National Do-Not-Call Registry at the time of the telephone solicitations.

138.   Ms. Costello is entitled to an award of $500 in statutory damages for the first violation pursuant to N.C. Gen. Stat. § 75-105(b)(2).

139.   Ms. Costello is entitled to an award of $1,000 in statutory damages for the second violation pursuant to N.C. Gen. Stat. §75-105(b)(2).

140.   Ms. Costello is entitled to an award of $5,000 in statutory damages for the third violation and any other violation that occurs within two (2) years of the first violation.

## FIFTH CAUSE OF ACTION
### Violations of N.C. Gen. Stat. § 75-102(b)
### Plaintiff Costello v. Defendant

141.  Ms. Costello incorporates the foregoing allegations as if fully set forth herein.

142.  Defendant made, or had made on its  behalf, telephone solicitations to Ms. Costello's telephone number after Ms. Costello communicated to Defendant a desire to receive no further telephone solicitations from the telephone solicitor to her number.

143.  Ms. Costello is entitled to an award of $500 in statutory damages for the first violation pursuant to N.C. Gen. Stat. § 75-105(b)(2).

144.  Ms. Costello is entitled to an award of $1,000 in statutory damages for the second violation pursuant to N.C. Gen. Stat. §75-105(b)(2).

145.  Ms. Costello is entitled to an award of $5,000 in statutory damages for the third violation and any other violation that occurs within two (2) years of the first violation.

## SIXTH CAUSE OF ACTION
### Violations of N.C. Gen. Stat. § 75-104(a)
### Plaintiff Costello v. Defendant

146.  Ms. Costello incorporates the foregoing allegations as if fully set forth herein.

147.   Defendant made, or had made on its behalf, unsolicited telephone calls to Ms. Costello's telephone number.

148.   These unsolicited telephone calls used an "automatic dialing and recorded message player."

149.   Ms. Costello is entitled to an award of $500 in statutory damages for the first violation pursuant to N.C. Gen. Stat. § 75-105(b)(2).

150.   Ms. Costello is entitled to an award of $1,000 in statutory damages for the second violation pursuant to N.C. Gen. Stat. § 75-105(b)(2).

151.   Ms. Costello is entitled to an award of $5,000 in statutory damages for the third violation and any other violation that occurs within two (2) years of the first violation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for the following relief:

A.   An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. §§ 227(b) and 227(c);

B.   An order declaring that Defendant's actions, as set out above, violate N.C. Gen. Stat. §§ 75-102(a), 75-102(b) and 75-104(a).

C.   An award of injunctive and other equitable relief as necessary to protect the interests of the Plaintiffs, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D.     An award of statutory damages;

E.     An award of treble damages;

F.     An award of reasonable attorneys' fees and costs; and

G.     Such other and further relief that the Court deems reasonable and just.

### Demand for Jury Trial

Plaintiffs demand a trial by jury of any and all triable issues.

Date: March 6, 2023

*Amy C. Daugherty*

Max S. Morgan, Esquire*
Eric H. Weitz, Esquire*
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com

(*pro hac vice forthcoming)
*Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE WITH L.R. 5.1.C & 7.1.D

Pursuant to L.R. 7.1D, I certify that this document has been prepared with 14-point, Times New Roman font, approved by the Court in L.R. 5.1.C.

*Amy C. Daugherty*